IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 23-cr-439-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GRACE KOHLER,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Peter McNeilly, Assistant United States Attorney for the District of Colorado, and the defendant, Grace Kohler, personally and by counsel, Scott Jurdem and Sarah Croog, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I. AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to:

(1) Waive indictment and plead guilty to an Information charging a violation of 21 U.S.C. § 963, Conspiracy to Import a Controlled Substance in Violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3);

(2) Waive certain appellate and collateral attack rights, as explained in detail below;

COURT EXHIBIT 1

(3) Make a $10,000 donation to a non-profit or governmental organization committed to substance abuse awareness and prevention in and around Boulder, Colorado, to directly remedy the harm sought to be redressed by this prosecution, such organization to be approved by the government; and

(4) Agree that any period of supervised release or probation should include a special condition that she complete 48 hours of community service related to substance abuse awareness and prevention.

**B. Government's Obligations:**

This agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B). The government agrees to recommend a sentence no higher than twelve months and one day of imprisonment. The parties understand that this agreement is not binding on the Court. The government further agrees not to bring other charges against the defendant based on information currently known to the United States Attorney's Office for the District of Colorado about the defendant's importation and distribution of controlled substances on or about August 17, 2021. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, file an indictment pertaining to such conduct.

This agreement is also made pursuant to Fed. R. Crim. P. 11(c)(1)(C) and the parties agree that a sentence between probation with no imprisonment and 36 months imprisonment is the appropriate disposition in this case. The parties understand that, once the Court accepts the plea agreement, the Court is required to enter a sentence within the above-described range. The parties further understand that, if the Court informs the parties that it intends to impose a sentence different from the above-described sentence, either party has the right to withdraw from the plea agreement.

The government agrees the offense of conviction does not establish that death or serious bodily injury resulted from the use of the substance, as contemplated by United States Sentencing Guidelines (USSG) §2D1.1(a)(2).[1]

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG §3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG §3E1.1(b).

The government also agrees that, following the entry of the defendant's plea pursuant to this agreement, the defendant should not be remanded to the custody of the U.S. Marshal. The government believes there is clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community, as required by 18 U.S.C. § 3143(a). Additionally, the government believes there are exceptional reasons—as contemplated by 18 U.S.C. § 3145(c)—why the defendant's detention would not be appropriate.

C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in

---

[1] According to the Tenth Circuit, the guidelines "indicate that the phrase ['offense of conviction'] encompasses only facts immediately related to the specific offense for which the defendant was convicted." *United States v. Holbert*, 285 F.3d 1257, 1261 n.3 (10th Cir. 2002).

connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

    (1)    the sentence exceeds 36 months; or

    (2)    the government appeals the sentence imposed.

If either one of these criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

    (1)    the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

    (2)    the defendant was deprived of the effective assistance of counsel; or

    (3)    the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's

determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

## II.   ELEMENTS OF THE OFFENSE

The parties agree the elements of 21 U.S.C. § 963, Conspiracy to Import a Controlled Substance in Violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3) are as follows:

*First:* two or more persons agreed to import a Schedule II controlled substance into the United States from any place outside thereof, in violation of 21 U.S.C. § 952(a)(1);

*Second:* the defendant knew the essential objective of the conspiracy;

*Third:* the defendant knowingly and voluntarily involved herself in the conspiracy; and

*Fourth:* there was interdependence amongst the members of the conspiracy.

## III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 1 of the Information is: not more than 20 years imprisonment; not less than three years and not more than a lifetime of supervised release; a maximum fine of $1,000,000; $100 mandatory victim's fund assessment fee.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the government would be able to prove the following facts at trial.

On August 12, 2021, Grace Kohler, Elizabeth Brown, and another woman traveled to Playa Del Carmen, Mexico, for a vacation. While there, the women went to a pharmacy called Pharmacy Libra, located at Calle 10 Nte 1, Centro, 77710 Playa del Carmen, Quintana Roo, Mexico. Kohler and Brown exchanged text messages and calls with a mutual friend in Boulder, Colorado, whose initials are J.B., to see what specific drugs he wanted them to get for him from the pharmacy. After considering the drugs the

pharmacy advertised, J.B. asked the women to get him oxycodone. Kohler paid the pharmacy $300 for 30 pills of supposed oxycodone, using her credit card. J.B. later sent Kohler $300 as reimbursement via Venmo. Brown translated from English to Spanish while the women communicated with the employee at the pharmacy. The women believed the pills they purchased contained oxycodone because that is what the pharmacy and the employee represented the pills to be.

Before returning to the United States from Mexico, Kohler and Brown put the controlled substances they purchased—including the supposed oxycodone for J.B.—in other containers, such as a multivitamin container and a container for cold and flu medicine. On August 17, 2021, the women flew back into the United States on United Airlines and landed in Denver, Colorado. The women did not declare the controlled substances they purchased in Mexico and imported into the United States with U.S. Customs. The women drove from Denver International Airport to J.B.'s place of employment in Boulder, Colorado. In a parking lot, Brown handed J.B. the 30 tablets the women had obtained for him at Pharmacy Libra in Mexico. J.B. put the pills in his shirt pocket and the women left.

On August 18, 2021, Boulder Police responded to J.B.'s residence because his roommate had found J.B. deceased in his bedroom. Within J.B.'s bedroom, police found a sandwich bag containing 29 pills. The pills had "M" and "30" stamped on them and looked like poorly pressed counterfeit oxycodone pills. Later laboratory analysis revealed the pills in the bag contained fentanyl and not oxycodone. On August 20, the Boulder County Coroner's Office conducted an autopsy and determined J.B. died of fentanyl intoxication.

The defendant admits she and Brown agreed to import a Schedule II controlled substance into the United States from Mexico in violation of 21 U.S.C. § 952(a)(1). The defendant knew the essential objective of the conspiracy and she knowingly and voluntarily involved herself in the conspiracy. Finally, the defendant admits there was interdependence between her and Brown, or that they acted for their shared mutual benefit. Although the defendant and Brown intended to import oxycodone, a Schedule II controlled substance, they actually imported fentanyl, which is also a Schedule II controlled substance.

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the

estimate below.

    a)    Under USSG §2D1.1(a)(5) and (c), the base offense level is **12** because the relevant conduct involved at least 5 kilograms but less than 10 kilograms of Converted Drug Weight.

    b)    There are no adjustments for specific offense characteristics.

    c)    The defendant is not eligible for a reduction pursuant to USSG §2D1.1(b)(18) because the offense resulted in death or serious bodily injury.[2]

    d)    There are no victim-related, role-in-offense, obstruction, grouping, and/or multiple-count adjustments.

    e)    The adjusted offense level is **12**.

    f)    Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a **2-level reduction** for acceptance of responsibility pursuant to USSG §3E1.1(a).

    g)    The resulting total offense level is **10**.

    h)    The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category I.

    i)    The career offender/criminal livelihood/armed career criminal adjustments do not apply.

    j)    The advisory guideline range resulting from these calculations is **6 - 12 months**. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 6 months (bottom of Category I) to 30 months (top of Category VI). The guideline range would not exceed, in any case, the statutory maximum applicable to the count of conviction.

    k)    Pursuant to guideline §5E1.2 and 21 U.S.C. § 960(b)(3), assuming

---

[2] The guidelines define "offense" as "the offense of conviction and all relevant conduct under §1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context." USSG §1B1.1, cmt. N. 1(I). The Tenth Circuit has held this definition "implies 'offense of conviction' is a subpart of the term 'offense.'" *United States v. Holbert*, 285 F.3d 1257, 1260 (10th Cir. 2002).

        the estimated offense level above is correct, the fine range for this offense would be **$4,000 to $1,000,000**, plus applicable interest and penalties.

  l)    Pursuant to guideline §5D1.2 and 21 U.S.C. § 960(b)(3), if the Court imposes a term of supervised release, that term shall **at least 3 years, but not more than life**.

  m)    The defendant reserves the right to argue for a departure pursuant to Part K of Chapter 5 of the Sentencing Guidelines.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including a sentence of 36 months—the top of the range the parties have stipulated to pursuant to Fed. R. Crim. P. 11(c)(1)(C).

## VII.  ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor

//

//

//

the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 11/27/23

_____
Grace Kohler
Defendant

Date: 11/27/23

_____
Scott Jurdem
Attorney for Defendant

Date: 11/27/23

_____
Sarah Croog
Attorney for Defendant

Date: 11/29/23

_____
Peter McNeilly
Assistant U.S. Attorney